ARSHAK BARTOUMIAN (SBN 210370)
OMNIA LEGAL, INC
118 W STOCKER ST
GLENDALE, CA 91202
818-532-9339
818-394-6452
EMAIL: DISPUTES@OMNIA LEGAL.ORG



FILED

2012 JAN 20 PM 5:05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MARA KHAYAN, an individual,

    **PLAINTIFF,**

    vs.

ASSET ACCEPTANCE CAPITAL CORP.,

A Michigan Corporation;

CAVALRY PORTFOLIO SERVICES,

LLC, A Delaware Limited

Liability Company;

CENTRAL PORTFOLIO CONTROL, A

Minnesota Corporation;

CLIENT SERVICES, INC., A

Missouri Corporation;

COLLECTION COMPANY OF AMERICA

/aka/ COLLECTO INC., A

Massachusetts Corporation;

CREDIT CONTROL, LLC, A Missouri

Limited Liability Company;

CREDITORS FINANCIAL GROUP LLC,

A New York Corporation

EVANS LAW ASSOCIATES P.C., A

New York Professional

Case No. **CV12-296- GW (FMOx)**

**COMPLAINT FOR DAMAGES**

2012 JAN 11 PM 3:44

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

LODGED

1  Corporation;

2  FMS INCORPORATED, A Oklahoma

3  Corporation;

4  HUNT & HENRIQUES, A California

5  Company, business form unknown;

6  J C CHRISTENSEN & ASSOCIATES, A

7  Minnesota Corporation;

8  NATIONWIDE CREDIT INC., A

9  Georgia Corporation;

10  NELSON, WATSON & ASSOCIATES,

11  LLC, A Massachusetts Limited

12  Liability Company;

13  RGS FINANCIAL INC., A Texas

14  Corporation;

15  RICHARD J BOURDEAU &

16  ASSOCIATES, LLC, A New

17  Hampshire Limited Liability

18  Company;

19  SUNRISE CREDIT SERVICES, Inc.,

20  A New York Corporation;

21  THE MOORE LAW GROUP, A

22  California Professional

23  Corporation;

24  UNITED RECOVERY SYSTEMS, LP, A

25  Texas Limited Partnership;

26      **DEFENDANTS.**

27

28

Plaintiff, MARA KHAYAN ("Plaintiff"), through her attorney, Arshak Bartoumian, alleges the following against Defendants ASSET ACCEPTANCE CORP. ("ASSET"), CAVALRY PORTFOLIO SERVICES, LLC ("CAVALRY"), CENTRAL PORTFOLIO CONTROL ("CPC"), CLIENT SERVICES, INC. ("CS"), COLLECTION COMPANY OF AMERICA /aka/ COLLECTO INC.("CCA"), CREDIT CONTROL, LLC ("CC"), CREDITORS FINANCIAL GROUP LLC ("CFG"), EVANS LAW ASSOCIATES P.C.("ELA"), FMS INCORPORATED ("FMS"), HUNT & HENRIQUES ("H&H"), J C CHRISTENSEN & ASSOCIATES ("JCC&A"), NATIONWIDE CREDIT INC. ("NATIONWIDE"), NELSON, WATSON & ASSOCIATES, LLC ("NW&A"), RGS FINANCIAL INC. ("RGS"), RICHARD J BOURDEAU & ASSOCIATES, LLC ("RJB&A"), SUNRISE CREDIT SERVICES, Inc. ("SUNRISE"), THE MOORE LAW GROUP ("TMLG"), UNITED RECOVERY SYSTEMS, LP ("URS") and RESURGENT CAPITAL SERVICES L.P. ("RESURGENT")(collectively "Defendants").

### JURSDICTION, VENUE, AND DEMAND FOR JURY TRIAL

1. Jurisdiction of this court arises pursuant to *15 U.S.C. §1962k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy." This Court also has jurisdiction of the federal claims asserted pursuant to 28 U.S.C. §1331 and supplemental jurisdiction of the state law claims asserted pursuant to 28 U.S.C. §1367(a).

2. Defendants do business in the state of California, and therefore, personal jurisdiction is established.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the Defendants conduct business in this district and many of the events occurred in this district. Further, Plaintiff resides in this district. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff thereby

demands a jury trial on any and all issues qualified for a jury trial.

### **PRIVATE RIGHT OF REMEDY**

4. 15 U.S.C §1692k(a) states that "… any debt collector who fails to comply with any provision of this title with respect to any person is liable to such person in an amount equal to the sum of-."

5. Cal. Civ. Code §1788.30(a) states that "any debt collector who violates this title with respect to any debtor shall be liable to that debtor only in an individual action…"

6. Cal. Civ. Code §1785.15(f) states that consumers "have a right to bring civil action against anyone […], who improperly obtains access to a file, knowingly or willfully misuses file data, or fails to correct inaccurate file data" concerning a consumer's credit report.

7. Cal. Civ. Code §1785.31(a) states that Plaintiff as "any consumer who suffers damages as a result of a violation of this title by any person may bring an action in a court of appropriate jurisdiction against that person to recover the following."

8. Pursuant to Gorman v. MBNA America Bank, N.A., No. 06-17226, Plaintiff is entitled to a Private Remedy Against Furnishers and FCRA §1681s-2(b) triggers Defendant's furnisher's liability under this section, since Plaintiff made her initial disputes with the Credit Reporting Agencies.

15 U.S.C. §1681n refers to consumers' ability to bring civil liability action against users/furnishers of

information for willful noncompliance with provisions of
the FCRA.

## PARTIES

9. Plaintiff is an individual, and at all times relevant
   herein, was a resident of Los Angeles County, California.

10. Defendants are debt collectors as defined in *15 U.S.C.
    §1692a(6)*and *Cal. Civ. Code §1788.2(c).*

11. ASSET is a Michigan Corporation that conducts business in
    the state of California.

12. CAVALRY is a Delaware Limited Liability Company that
    conducts business in the state of California.

13. CPC is a Minnesota Corporation that conducts business in
    the state of California.

14. CS is a Missouri Corporation that conducts business in the
    state of California.

15. CCA is a Massachusetts Corporation that conducts business
    in the state of California.

16. CC is a Missouri Limited Liability Company that conducts
    business in the state of California.

17. CFG is a New York Corporation that conducts business in the
    state of California.

18. ELA is a New York Professional Corporation that conducts
    business in the state of California.

19. FMS is an Oklahoma Corporation that conducts business in
    the state of California.

20. H&H is a California Company that conducts business in the
    state of California.

21. JCC&A is a Minnesota Corporation that conducts business in
    the state of California.

22. NATIONWIDE is a Georgia Corporation that conducts business
    in the state of California.

23. NW&A is a Massachusetts Limited Liability Company that conducts business in the state of California.

24. RGS is a Texas Corporation that conducts business in the state of California.

25. RJB&A is a New Hampshire Limited Liability Company that conducts business in the state of California.

26. SUNRISE is a New York Corporation that conducts business in the state of California.

27. TMLG is a California Professional Corporation that conducts business in the state of California.

28. URS is a Texas Limited Partnership that conducts business in the state of California.

29. RESURGENT is a Delaware Limited Partnership that conducts business in the state of California.

Whenever this complaint alleges that any defendant did any act or thing, it is meant that it, it's directors, officers, agents, employees, or the directors, agents or employees of its subsidiaries, performed or participated in such act or thing, and in each instance that such act or thing was authorized or ratified by, and done on behalf of and under the direct control of that defendant.

## FACTUAL ALLEGATIONS

30. Plaintiff who is not a minor alleged that the foregoing events, starting from date of discover, which led to this complaint occurred within the past one year.

31. In or around September 2010 Plaintiff obtained her credit bureau reports from CRAs and was shocked to find that her credit was pulled and reviewed by over eighteen (18) different companies, Defendants included, on multiple occasions during the past two years, without her knowledge and authorization.

32. Upon research and review of company profiles available online, Plaintiff learned that Defendants and each one of them of was a collection agency that collects consumer debts.

33. Upon information and belief, at some point Defendants must have purchased debts alleged to be owed by Plaintiff, considered purchasing debts alleged to be owed by Plaintiff, or looked into Plaintiff's history as a potential debtor for overdue and unsatisfied account balances to collect on. At no point prior to the credit reviews did Plaintiff know of any such debt confirmed or alleged to be owed by Plaintiff to any one of the Defendants.

34. Defendants and each one of them violated 15 U.S.C. §1681 by running a credit inquiry on one or more occasions, into Plaintiff's consumer credit reports maintained by and with one or more of the three major credit reporting agencies, Experian, Equifax and Transunion (hereinafter "CRAs"), without Plaintiff's knowledge and authorization, and without having a permissible purpose for conducting a credit review as defined under §1681b of the above cited title.

35. On or about July 9, 2010, July 13, 2010, August 12, 2010 and September 14, 2010, Defendant ASSET violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from ASSET for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section. ASSET's August 12, 2010 credit review resulted in a hard credit inquiry, which reflects on Plaintiff's credit reports until today.

36. On or about November 4, 2010, Defendant CAVALRY violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from CAVALRY for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

37. On or about June 16, 2011, Defendant CPC violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from CPC for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

38. On or about January 7, 2010 and again on January 12, 2010, Defendant CS violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from CS for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

39. On or about April 14, 2010 and again on June 8, 2010, Defendant CCA violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from CCA for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

40. On or about May 27, 2010, Defendant CC violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from CC for purpose of extending

credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

41. On or about February 4, 2010 and again on July 3, 2010, Defendant CFG violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from CFG for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section. CFG's February 4, 2010 and July 3, 2010 credit reviews resulted in hard credit inquiries, which reflect on Plaintiff's credit reports until today.

42. On or about October 1, 2010, Defendant ELA violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from ELA for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

43. On or about January 10, 2011, Defendant FMS violated 15 U.S.C.  1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from FMS for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

44. On or about June 6, 2011 and again on November 2, 2011, Defendant H&H violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from H&H for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

45. On or about September 23, 2011, Defendant JCC&A violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from JCC&A for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

46. On or about March 5, 2010, Defendant NATIONWIDE violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from NATIONWIDE for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section. NATIONWIDE's March 5, 2010 credit review resulted in a hard credit inquiry, which reflects on Plaintiff's credit reports until today.

47. On or about October 29, 2010, Defendant NW&A violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from NW&A for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

48. On or about November 24, 2010, Defendant RGS violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from RGS for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

49. On or about November 18, 2010, Defendant RJB&A violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from RJB&A for purpose of extending credit, employment, insurance underwriting, or

any other purposes that are allowed under this section. RJB&A's November 18, 2010 credit review resulted in a hard credit inquiry, which reflects on Plaintiff's credit reports until today.

50. On or about February 19, 2010, Defendant SUNRISE violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from SUNRISE for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section.

51. On or about November 23, 2011, Defendant TMLG violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from TMLG for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section. TMLG's November 23, 2011 credit review resulted in a hard credit inquiry, which reflects on Plaintiff's credit reports until today.

52. On or about April 5, 2010 and again on April 7, 2010, Defendant URS violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit reports, without the knowledge or consent of Plaintiff. Plaintiff had not requested a report from URS for purpose of extending credit, employment, insurance underwriting, or any other purposes that are allowed under this section. URS's April 5, 2010 and April 7, 2010 credit reviews resulted in hard credit inquiries, which reflect on Plaintiff's credit reports until today.

53. On or about October 14, 2011, Defendant RESURGENT violated 15 U.S.C. §1681, by pulling Plaintiff's consumer credit

reports, without the knowledge or consent of Plaintiff.
Plaintiff had not requested a report from RESURGENT for
purpose of extending credit, employment, insurance
underwriting, or any other purposes that are allowed under
this section.

54. Defendants and each one of them violated 15 U.S.C. §1681 by
ignoring Plaintiff's written disputes and requests for
proof that the credit inquires were run by means and for
purposes recognized by law.

55. Defendants and each one of them conducted the above
described credit reviews of Plaintiff's records without
communicating to her of any debt and confirming the
validity of their alleged debt, even if such alleged debt
did exist and was in their possession for collections.

56. On or about October 4, 2011 Plaintiff sent letters to
Defendants ASSET, CFG, NATIONWIDE, RJB&A and UNITED
addressing their unauthorized credit reviews and requesting
deletion of the hard credit inquiries from Plaintiff's
credit file unless they could provide and support a
justifiable purpose for the credit reviews.

57. Defendants ASSET, CFG, NATIONWIDE, RJB&A and UNITED failed
to answer Plaintiff's request and failed to delete the hard
credit inquiries to avoid further damage to Plaintiff's
credit records.

58. On or about November 4, 2011 Plaintiff sent follow up
letters to Defendants ASSET, CFG, NATIONWIDE, RJB&A and
UNITED addressing their failure to respond or take
appropriate corrective action with respect to Plaintiff's
initial correspondence of dispute.